# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. McGARREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 07cv1556 |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| CORRECTIONS, PENNSYLVANIA | ) | |
| BOARD OF PROBATION AND PAROLE, | ) | |
| MRS. MARQUART, Records Supervisor at | ) | |
| SCI Mercer, individually and officially; | ) | |
| MR. STOWICKY, Superintendent of SCI | ) | |
| Mercer, individually and officially, | ) | |
| BRIAN McCOLLIN, Director of CCC | ) | |
| Allekiski, individually and officially, | ) | |
| JASON GORDISH, Pennsylvania Department | ) | |
| of Corrections Counselor, individually and | ) | |
| officially; | ) | |
| MR. GENT, SCI Mercer employee, | ) | |
| individually and officially; | ) | |
| JANET KIMMELL, SCI Mercer Counselor, | ) | |
| individually and officially; | ) | |
| DAVID JENKINS, Community Corrections | ) | |
| Parole Agent, individually and officially; | ) | |
| JOANNE RICARDI, RSAT Supervisor | ) | |
| Parole Agent, individually and officially; | ) | |
| KATHERINE ROWE, Case Analysis PBPP, | ) | |
| individually and officially; | ) | |
| ALLEN M. ROBINSON, PBPP Assistant | ) | |
| Counsel, individually and officially; | ) | |
| INVESTIGATOR RAY HEINLE, | ) | |
| Pennsylvania Department of | ) | |
| Corrections, individually and officially; | ) | |
| UNKNOWN DEFENDANTS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court is the DEFENDANTS' MOTION TO DISMISS

FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, with brief in

support, filed by Defendants Pennsylvania Department of Corrections and Pennsylvania Board of Probation and Parole (*Documents No. 21-3 and 22*), the RESPONSE in opposition filed by Plaintiff (*Document No. 23*), and the REPLY BRIEF filed by Defendants Pennsylvania Department of Corrections and Pennsylvania Board of Probation and Parole (*Document No. 29*). For the reasons that follow, the Motion will be granted.

**Background**

Plaintiff alleges that in 1998 he was incarcerated in Pennsylvania and in 2004 the Pennsylvania Board of Probation and Parole ("PBPP") paroled him. However, according to Plaintiff, the Defendants later incorrectly classified him as an escapee, and in early February 2005, while he was "at liberty on parole," he was arrested in Colorado on a fugitive warrant and extradited to custody in Pennsylvania. Plaintiff was incarcerated for approximately an additional eleven (11) months, until on or about December 23, 2005. After his release, Plaintiff moved to Wilmington, North Carolina.

Plaintiff's First Amended Complaint alleges the following causes of action against the Pennsylvania Department of Corrections ("DOC"), the PBPP, and eleven individuals, in their individual and official capacities:

    Count 1 - "Violations of 42 U.S.C. 1983: Arrest;"

    Count 2 - "Violations of 42 U.S.C. 1983: Detention and Confinement"

    Count 3 - "Violations of 42 U.S.C. 1983: Conspiracy"

    Count 4 - "Violations of 42 U.S.C. 1983: Refusing or Neglecting to Prevent"

    Count 5 - "Malicious Abuse of Process"

    Count 6 - "False Arrest and Imprisonment" and

Count 7 - "Intentional Infliction of Emotional Distress."

Defendants DOC and the PBPP filed a motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) and a motion to transfer venue to the United States District Court for the Western District of Pennsylvania pursuant to Federal Rule of Civil Procedure 12(b)(3) and 18 U.S.C. § 1406.[1] Defendants request that all the federal claims brought against the DOC and the PBPP "and against all the other defendants in their official capacities" be dismissed on the grounds that they are immune from suit by virtue of the Eleventh Amendment to the United States Constitution. Defendants also contend that sovereign immunity bars the Pennsylvania state law claims against the DOC, the PBPP, and all the individual defendants who are officials of these two agencies.

Although Plaintiff's initial Complaint and First Amended Complaint were filed by Plaintiff *pro se*, a Response to the motion to dismiss has been filed on behalf of Plaintiff by counsel, Slade C. Trabucco, Esquire.

---

[1] Plaintiff represents that he has "served" the following individual defendants: " 1) Mrs. Marquart, Records Supervisor at SCI Mercer; 2) Mr. Stowicky, Superintendent of SCI Mercer; 3) Brian McCollin, Director of CCC Allekiski; 4) Jason Gordish, Pennsylvania Department of Corrections Counselor; 5) David Jenkins, Community Corrections Parole Agent; 8) Joanne Ricardi, RSAT Supervisor / Parole Agent; 9) Katherine Rowe, Case Analysis PBPP; 10) Allen M. Robinson, PBPP Assistant Counsel; 10) Investigator Ray Heinle, Pennsylvania Department of Corrections." See Motion for Leave to File Amended Complaint, at 4. However, the docket does not reflect that Summons were issued for any of these individuals nor does the docket reflect that executed Summons have been filed for any of these individuals. Moreover, no appearance by any attorney has been entered on behalf of any of the individuals.

On October 29, 2007, Judge James C. Dever III, United States District Judge for the Eastern District of North Carolina, Southern Division, granted the motion to transfer. The motion to dismiss the amended complaint is ripe for disposition.[2]

**Standard of Review**

When considering a challenge under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the court must accept the complaint's allegations as true and draw all reasonable inferences in plaintiff's favor. *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1164-65 (3d Cir . 1987). A Rule 12(b)(1) motion is the proper mechanism for raising the issue of whether Eleventh Amendment immunity bars federal jurisdiction. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (holding that the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the Complaint. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1965 (2007) (citing *Papasan v. Allian,* 478 U.S. 265, 286 (1986)). A plaintiff's complaint must go beyond mere legal conclusions and speculation to provide factual allegations sufficient to "nudge . . . their claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1969.

---

[2] On July 12, 2007, the parties were notified that the Court, pursuant to Federal Rule of Civil Procedure 56(e), would be treating the motion to dismiss as one for summary judgment because the motion was supported by material other than the mere pleadings. See Letter of July 12, 2007.

**Discussion**

A.  Eleventh Amendment Immunity:  the DOC, the PPBP and the Individual Defendants Acting in their Official Capacities

Defendants the DOC and the PPBP move to dismiss Plaintiff's claims brought under § 1983, 1985, and 1986 on the grounds that they are immune from suit by virtue of the Eleventh Amendment to the United States Constitution, which provides,

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.[3]

It is well established that absent consent by a state, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant. *Edelman v. Jordan,* 415 U.S. 651, 663 (1974).  By statute, Pennsylvania has specifically withheld consent to suit in federal courts:

> Federal courts.  Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.

42 Pa. Cons. Stat. Ann § 8521(b).  The bar of the Eleventh Amendment extends to suits against departments or agencies of the state having no existence apart from the state. *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (*citing Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 280 (1977)).  Likewise, official capacity suits are nothing more than suits

---

[3] The Eleventh Amendment has long been interpreted to prohibit suits in federal court against a state by the defendant state's own citizens as well.  *See Hans v. State of Louisiana*, 134 U.S. 1 (1890).

5

against an official's employing agency.[4] *Kentucky v. Graham,* 473 U.S. 159 (1985); *Laskaris,* 661 F.2d at 26.

The DOC is an administrative department of the Commonwealth of Pennsylvania. *See* 71 Pa. Stat. § 61 (naming the Department of Corrections as an administrative department of the Commonwealth). The PBPP has also specifically been found eligible for Eleventh Amendment immunity. *See Ahmad v. Burke*, 436 F. Supp. 1307, 1311-1312 (E.D. Pa. 1977); and *London v. Pa. Bd. of Prob. & Parole*, 135 F. Supp.2d 612 (E.D. Pa. 2001). Furthermore, Plaintiff concedes that the DOC and the PBPP are state agencies. *See* Amended Complaint, ¶ ¶ 4, 5. Accordingly, the DOC and the PBPP are entitled to Eleventh Amendment immunity from suit. Additionally, the individual defendants acting in their official capacities are likewise entitled to Eleventh Amendment immunity.[5]

---

[4] The motion to dismiss also argues that the Eleventh Amendment bars the federal claims against the individual defendants, in their official capacities, who are officials of the DOC and the PBPP. In the interest of judicial economy, it is within the Court's discretion to dismiss claims in their entirety even though the motion has been filed on behalf of only certain defendants, if the argument is applicable to all defendants.

[5] Moreover, the DOC, the PBPP, and the individual defendants in their official capacities are not "persons" for the purposes of § 1983. In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989), the Supreme Court held that a state is not "a person" subject to § 1983 liability and that the non-person status extends to "governmental entities that are considered arms of the state for Eleventh Amendment purposes." Because as discussed above, the DOC and the PBPP are arms of the state, *Will* provides an additional basis for the dismissal of the federal claims as to the DOC and PBPP and the individual defendants acting in their official capacities.

Courts have regularly applied the *Will* doctrine to claims brought pursuant to Sections 1985 and 1986. *See Clark v. Clabaugh*, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994) (a § 1986 claim is dependent on the existence of a cognizable § 1985 claim).

B.	Eleventh Amendment Immunity: Does Not Bar Claims Against State Officials Acting in their Individual Capacities[6]

"When a state officer violates federal constitutional mandates, even when carrying out state policy, he is 'stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct'." *Laskaris*, 661 F.2d at 26 (*quoting Ex parte Young,* 209 U.S. 123 (1908). Accordingly, the Eleventh Amendment does not preclude a suit against a state official in his or her individual capacity. It is well settled, however, that liability under § 1983 may not be based on the doctrine of respondeat superior. *See Durmer v. O'Carroll,* 991 F.2d 64, 69 n. 14 (3d Cir. 1993). Instead, the plaintiff must show that the official's conduct caused the deprivation of a federally protected right. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985). More particularly, the plaintiff must allege that the defendant was personally involved in the deprivation. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Personal involvement can be shown if the supervisor directed the actions of supervisees or actually knew of the actions and acquiesced in them. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

C.	Sovereign Immunity - Common-Law Claims

Defendants also move to dismiss the pendant common-law claims brought against them because they are protected by the doctrine of sovereign immunity. By statute in Pennsylvania, "the Commonwealth, and its officials and employees acting within the scope of

---

[6] The Court recognizes that the Defendants have not moved to dismiss the federal claims against the individual defendants acting in their individual capacities, but in an abundance of caution the Court will briefly discuss why these claims can not be dismissed at this time.

7

their duties, shall . . . enjoy sovereign and official immunity . . . except as the General Assembly shall specifically waive the immunity." 1 Pa.C.S.A. § 2310; *See also Shoop v. Dauphin County*, 766 F. Supp. 1327, 1333-34 (M.D. Pa.), *aff'd,* 945 F. Supp. 396 (3d Cir. 1991), *cert. denied,* 502 U.S. 1097 (1992).

Here, it is uncontroverted that the individual defendants were acting within the scope of their duties as correction officials and employees.[7] Consequently, unless the General Assembly has specifically waived the defendants' immunity, they cannot be liable. In *Shoop*, the court noted that the General Assembly has specifically enumerated nine (9) exclusive exceptions to the general grant of immunity described above. These exceptions are for damages caused by "negligent acts involving: 1) the operation of a motor vehicle in the control or possession of a Commonwealth party; 2) health care employees; 3) care, custody or control of personal property; 4) Commonwealth-owned property; 5) potholes or other dangerous conditions; 6) care, custody or control of animals; 7) liquor store sales; 8) National Guard activities; and 9) toxoids and vaccines." 42 Pa. Cons. Stat. Ann. § 8522." *Shoop,* 766 F. Supp. at 1334.

Finally, even if the common-law claims which Plaintiff has vaguely pled require some level of intent rather than negligence, the Defendants nevertheless remain "within the umbrella of immunity provided by the statute." *Shoop*, 766 F. Supp. at 1334; see also *Yakowicz v. McDermott*, 548 A.2d 1330, 1334 n.5 (Pa. Commw. 1988), *appeal denied,* 565 A.3d 1168 (Pa. 1989).

---

[7] In his response to Defendants' motion to dismiss, Plaintiff does not contest that the individual defendants were acting within the scope of their duties nor could he based upon the facts alleged in his response and Amended Complaint.

**Conclusion**

As discussed above, all the federal claims brought against the DOC and the PBPP, as well as the individual defendants in their official capacities, will be dismissed as a matter of law pursuant to the Eleventh Amendment.

Furthermore, the common law claims brought against all the Defendants will be dismissed in their entirety as a matter of law pursuant to the doctrine of sovereign immunity.

Plaintiff will be directed to prepare and serve Summons and the Amended Complaint on the individual defendants in their individual capacities. If service has been effectuated, Plaintiff will be directed to file proof of same forthwith.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. McGARREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 07cv1556 |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, MRS. MARQUART, Records Supervisor at SCI Mercer, individually and officially; MR. STOWICKY, Superintendent of SCI Mercer, individually and officially, BRIAN McCOLLIN, Director of CCC Allekiski, individually and officially, JASON GORDISH, Pennsylvania Department of Corrections Counselor, individually and officially; MR. GENT, SCI Mercer employee, individually and officially; JANET KIMMELL, SCI Mercer Counselor, individually and officially; DAVID JENKINS, Community Corrections Parole Agent, individually and officially; JOANNE RICARDI, RSAT Supervisor Parole Agent, individually and officially; KATHERINE ROWE, Case Analysis PBPP, individually and officially; ALLEN M. ROBINSON, PBPP Assistant Counsel, individually and officially; INVESTIGATOR RAY HEINLE, Pennsylvania Department of Corrections, individually and officially; UNKNOWN DEFENDANTS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF COURT

**AND NOW**, this 3rd day of December, 2007, in accordance with the foregoing

Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

(1) All federal claims brought against Defendants Pennsylvania Department of Corrections and Pennsylvania Board of Probation and Parole are dismissed as a matter of law;

(2) All federal claims brought against the individual defendants acting in their official capacities are dismissed as a matter of law; and

(3) All common law claims brought against all Defendants are dismissed as a matter of law.

Furthermore, Plaintiff is **ORDERED** to prepare and serve Summons and the Amended Complaint on the individual defendants in their individual capacities. If service has been effectuated, Plaintiff is directed to file proof of same forthwith.

The caption of this case is amended as follows:

| | | |
|---|---|---|
| DAVID B. McGARREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 07cv1556 |
| | ) | |
| MRS. MARQUART, Records Supervisor at SCI Mercer, individually; | ) ) | |
| MR. STOWICKY, Superintendent of SCI Mercer, individually, | ) ) | |
| BRIAN McCOLLIN, Director of CCC Allekiski, individually, | ) ) | |
| JASON GORDISH, Pennsylvania Department of Corrections Counselor, individually; | ) ) | |
| MR. GENT, SCI Mercer employee, individually; | ) ) | |
| JANET KIMMELL, SCI Mercer Counselor, individually; | ) ) | |
| DAVID JENKINS, Community Corrections Parole Agent, individually; | ) ) | |

JOANNE RICARDI, RSAT Supervisor )
Parole Agent, individually; )
KATHERINE ROWE, Case Analysis PBPP, )
individually; )
ALLEN M. ROBINSON, PBPP Assistant )
Counsel, individually; )
INVESTIGATOR RAY HEINLE, )
Pennsylvania Department of )
Corrections, individually; )
UNKNOWN DEFENDANTS, )
 )
                Defendants. )

BY THE COURT:

<u>s/Terrence F. McVerry</u>
United States District Court Judge

cc:       Slade Culli Trabucco, Esquire
          Trabucco Law Group, PA
          29 North 3rd Street
          Wilmington, NC 28401

          Mariah Passarelli, Esquire
          Office of the Attorney General
          Email: mpassarelli@attorneygeneral.gov